Commonwealth, Appellant, *v.* Smyser.

600

Argued December 14, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Ward F. Clark,* First Assistant District Attorney, with him *William J. Carlin,* District Attorney, for Commonwealth, appellant.

*Frederick E. Smith,* with him *Ross, Smith & Renninger,* for appellees.

OPINION BY ERVIN, P. J., June 17, 1965:

The Commonwealth appeals from the order of the Court of Quarter Sessions of Bucks County ordering that property and evidence obtained during a search

of defendant Michele Reis' rented room on May 31, 1963, be excluded from evidence at any hearing or trial involving defendant Reis or the co-defendant Frances Smyser. Such an appeal is properly made at this time: *Com. v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304.

The goods in question include some peyote buttons (a dangerous drug under The Drug, Device and Cosmetic Act of September 26, 1961, P. L. 1664, 35 PS §780-2(h)), a pipe stem and bowl, a vial containing traces of marijuana and marijuana seeds (narcotic drug, 35 PS §780-2(g)), and a bottle of pills which the record indicates are probably harmless vitamin pills.

The court below found that the affidavit supporting the search warrant was deficient in several respects and therefore the warrant which was issued to the police on the basis of that affidavit was void. Moreover, the court held that even if the warrant had been properly issued and had been a valid document, the search was an unreasonable one within the standards of the Fourth Amendment to the Constitution of the United States and art. I, §8 of the Pennsylvania Constitution. It held, therefore, that evidence obtained as a result of that search could not be used against the defendants in this case. The first aspect of the case, i.e., the sufficiency of the affidavit for a search warrant and consequently of the warrant issued to the police, determines this case.

The complaint sworn before a justice of the peace reads as follows: "Before me, the subscriber one of the Justices of the Peace in and for the County aforesaid, personally came Chief William D. Brooke of New Hope Borough Police, who upon his solemn oath according to law saith that on or about the 31st day of May, A.D. 1963, in the Borough of New Hope, County of Bucks aforesaid, that as a result of investigations the deponent verily believes that there is sufficient evidence to believe that a person or persons have or will

conceal narcotics, dangerous drugs and paraphernalia pertaining to the use of narcotics on the premises of the apartments located at 82 South Main Street, New Hope, Pennsylvania, Contrary to Act approved September 26, 1961 by the Assembly,

"And further saith not. Complainant(s) William D. Brooke, Chief of Police."

The Fourth Amendment to the Constitution of the United States provides: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated, and no Warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The Constitution of the Commonwealth of Pennsylvania, art. I, §8, similarly provides: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."

The question of probable cause upon which a warrant may issue is determined by the judge or magistrate who is asked to issue the warrant. The case of *Ker v. California*, 374 U. S. 23, 83 S. Ct. 1623, 10 L. ed. 2d 726 (1963), involved a search without a warrant but "that case must certainly be read as holding that the standard for obtaining a search warrant is likewise 'the same under the Fourth and Fourteenth Amendments.' ": *Aguilar v. Texas*, 378 U. S. 108, 84 S. Ct. 1509, 12 L. ed. 2d 723 (1964). Therefore, federal standards as announced by the United States Supreme Court interpreting the Fourth Amendment are enforced against the states through the Fourteenth Amendment and evidence obtained as the result of an unlawful

search and seizure in violation of the Fourth Amendment of the United States Constitution is inadmissible in state courts by virtue of the due process clause of the Fourteenth Amendment: *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. ed. 2d 1081 (1961).

"The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson v. United States,* 333 U. S. 10, at 13-14, 68 S. Ct. 367, at 369, 92 L. ed. 436 at 440.

The various states may make their own rules and tests for reasonableness so long as they do not go beyond the limits embodied in the Fourth and Fourteenth Amendments: *Ker v. California,* supra, 374 U. S. 23, at 34; *Beck v. Ohio,* 379 U. S. 89, 85 S. Ct. 223, 13 L. ed. 2d 142 (1964).

It has been held that under the Pennsylvania Constitution the affiant is not required to set forth the names of witnesses or the details as to what they will offer in testimony, and that the alleged violation of the law need not be within the personal knowledge of the affiant: *Com. v. Loesel,* 155 Pa. Superior Ct. 461, 38 A. 2d 523. In that case the complaint described the premises in some detail and set out that it was owned and occupied by one of the defendants, naming him. It then stated: ". . . the grounds for probable cause and reasons for affiant's belief are the following, to wit: Complaints and information received from persons of reliable and good reputation, which your affiant has reason to believe and does believe to be true and upon which he has relied in making this affidavit . . . that this officer has seen whiskey illegally stored

on the premises and illegally sold contrary to Act 370 . . . Section 602, Paragraph 1."

President Judge KELLER, interpreting the Constitution of the Commonwealth, said: "Probable cause does not import absolute certainty. It only implies reasonable grounds for belief, and the justice issuing the search warrant is the authority to be satisfied that probable cause exists: . . . ." *Com. v. Schwartz*, 82 Pa. Superior Ct. 369, 375.

Such an interpretation may be a proper one, if its application to a given set of facts does not fall below the federal standards. In *Nathanson v. United States*, 290 U. S. 41, 54 S. Ct. 11, 78 L. ed. 159 (1933), the Supreme Court considered an affidavit that "went upon a mere affirmation of suspicion and belief without any statement of adequate supporting facts," and announced the following rule which is quoted and followed in *Aguilar*, supra: "Under the Fourth Amendment, an officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor from *facts* or *circumstances* presented to him under oath or affirmation. Mere affirmance of belief or suspicion is not enough." (Emphasis supplied) *Nathanson v. United States*, supra, at 47; *Aguilar v. Texas*, supra, at 727.

The affidavit in the case before us fails to meet constitutional standards for several reasons. Initially it fails to present probable cause on which a warrant may be issued. No substantiating facts are given upon which the magistrate might make an independent and detached appraisal of the probability that a crime had been or was being committed. The sworn statement that "as a result of investigations" made at an intermediate time by an unidentified investigator the affiant "believes there is sufficient evidence to believe" an unnamed "person or persons have or will conceal narcotics, dangerous drugs or paraphernalia. . . ." pro-

vides no basis for independent magisterial determination. The only way in which the magistrate could issue a warrant on such an affidavit is by accepting the affiant's conclusions and "rubber-stamping" a warrant. Such was not an acceptable procedure in this Commonwealth before *Aguilar*. If any doubt remained, *Aguilar* resolves it against the sufficiency of this complaint to support a warrant.

Secondly, the complaint neither describes particularly the place to be searched nor the persons or things to be seized as required by the Federal Constitution. Under the language of the Pennsylvania Constitution the complaint falls short of "describing . . . as nearly as may be" the place to be searched or the things or persons to be seized. The affidavit mentions "the apartments located at 82 South Main Street, New Hope, Pennsylvania." This does not describe "as nearly as may be" the rooms occupied by the defendants in this case. In *Com. v. Fiorini*, 202 Pa. Superior Ct. 88, 93, 195 A. 2d 119, 122, we said: "It is generally held under the Fourth Amendment of the United States Constitution that a search warrant directing a search of an apartment house or other building occupied by a number of different tenants, which states the name of the persons occupying the apartment to be searched, is valid. [Citations] Therefore, we hold the present description valid under the Pennsylvania Constitution which requires that things and places be described 'as nearly as may be' since it definitely describes the property and limits the search to those parts which were occupied by or in possession of this appellant." The reasoning of *Aguilar* requires that the Fourth Amendment standard for obtaining a search warrant be as high as the standards for arrest and search without a warrant, or those for testing a warrant authorizing a search. In this case the lack of specificity in the complaint is fatal.

While a search incident to a valid arrest may be made without a warrant, there are no reasons to be found in the circumstances of this case to excuse procurement of a search warrant. Moreover, the search here was made several hours after such reasons *might* have existed and no arrest was made until a rather intensive search had been made and the evidence sought to be introduced had been found and seized.

The court below was correct in suppressing the evidence obtained during the search of the rooms leased to defendant Reis.

Order affirmed.