## Commonwealth *v.* Alvarez, Appellant.

Argued June 17, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Sydney Finkelstein,* for appellant.

*Joseph M. Smith,* Assistant District Attorney, with him *Gordon Gelfond,* Assistant District Attorney, and

*Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., September 15, 1966:

Adalberto Alvarez was arrested in his first floor apartment at 323 South Twelfth Street, Philadelphia, on June 3, 1964 after a search of his apartment and yard uncovered several kinds of drugs,[1] two eyedroppers, two hypodermic needles, and a metal cap. He was indicted for Possession of Dangerous Drugs and Possession of Narcotic Drugs in violation of The Drug, Device and Cosmetic Act of September 26, 1961, P. L. 1664, 35 P.S. §§780-1 to -31. He was convicted on both bills of indictment at a nonjury trial in December, 1965 and was sentenced.

The sole issue in this appeal is whether the above-mentioned evidence, admitted at trial over appellant's objection, was properly admitted. Appellant contends that it was seized pursuant to a constitutionally defective search warrant issued on the basis of an insufficient complaint and affidavit and should not have been admitted at trial. We agree.

The search warrant was issued by Magistrate Ann Clark on the affidavit of Police Officer Sheridan A. Kerrin. In the section of the Complaint and Affidavit marked "Probable cause and/or reasonable grounds" appears the following typed statement: "Very Reliable Information 100% In The Past, Surveilance (sic) Conducted 6-2-64 5-31-64."[2] This affidavit fails to present

---

[1] The drugs included: 4cc. of chloromycetin solution, 7 Phenoxene tablets, 3 Benadryl capsules, 3 Pyribenzamine tablets, 1 Naturetin capsule, 4 Fiorinal tablets, 12 alurate tablets, 6 chlor-trimeton tablets, 0.1 grain of sodium bicarbonate, and a residue of heroin, quinine and reducing sugars found in the 2 eyedroppers and hypodermic needles.

[2] The property to be seized was listed as: "Opiate Derivatives Opium, Herion [sic], Morphine Diluadid Cocain Codine Dermoral, Marihuanna [sic], and/or Other Tablets."

probable cause on which a warrant may be issued under our decision in *Commonwealth v. Smyser,* 205 Pa. Superior Ct. 599, 211 A. 2d 59 (1965).

In that case President Judge ERVIN comprehensively analyzed the law governing the issuance of search warrants, including the United States Supreme Court decisions of *Aguilar v. Texas,* 378 U.S. 108, 84 S. Ct. 1509, 12 L. ed. 2d 723 (1964), *Ker v. California,* 374 U.S. 23, 83 S. Ct. 1623, 10 L. ed. 2d 726 (1963), and *Nathanson v. United States,* 290 U.S. 41, 54 S. Ct. 11, 78 L. ed. 159 (1933). Thus we need not reiterate it here. We are of the opinion that the factual situation in the case at bar is so similar to that presented in *Commonwealth v. Smyser,* supra, that the same result must follow.

In *Smyser,* the sworn statement averred that "as a result of investigations the deponent verily believes that there is sufficient evidence to believe that a person or persons have or will conceal narcotics, dangerous drugs and paraphernalia pertaining to the use of narcotics on the premises of (giving address)." "No substantiating facts are given upon which the magistrate might make an independent and detached appraisal of the probability that a crime had been or was being committed", said President Judge ERVIN at p. 604. Likewise in the case at bar we have an affidavit that provides no basis for the detached and independent magisterial determination which the Fourth Amendment to the United States Constitution and Article I, section 8 of the Pennsylvania Constitution require. "Very Reliable Information 100% In The Past, Surveilance [sic] Conducted 6-2-64 5-31-64" does not present the adequate supporting facts or underlying circumstances from which a magistrate can independently find the probable cause which is constitutionally required. See *Aguilar v. Texas,* supra. The sole basis for the magistrate's decision was the police officer's conclusions.

Nothing was revealed to the magistrate concerning either the information received from the informer[3] or the facts observed during the surveillance.[4] Such a procedure, in which a magistrate accepts an affiant's conclusions and "rubber-stamps" a search warrant, is not constitutionally permitted.

The Commonwealth urges that the case be remanded in order to determine whether the search was valid as incident to a lawful arrest. Unlike in *Commonwealth ex rel. Ensor v. Cummings*, 416 Pa. 510, 207 A. 2d 230 (1965), where the Supreme Court remanded for a determination of whether the police officers entered to search or to arrest because it was impossible to make that determination from the original trial record,[5] the record in the case at bar makes this procedure unnecessary. The police officer who procured the search warrant testified at trial that he and another officer knocked on the door and announced themselves as police officers with a search and seizure warrant. Later when asked, "As a result of the seizure, what did you do, you arrested this defendant?" he answered, "That's correct." This testimony indicates that the arrest was made only as a result of the search and seizure and precludes a finding that the search was incident to the arrest.

Judgment of sentence reversed and a new trial granted at which the drugs and articles unconstitutionally seized shall not be admitted into evidence.

---

[3] We are not implying that the informer must be named or that a warrant may not be based on hearsay information. See *Aguilar v. Texas*, supra at 114.

[4] These facts would appear to take on added importance in light of the type, size and quantity of drugs found here.

[5] The Court then reversed the lower court's finding that the entry was made primarily to arrest and held the evidence inadmissible. *Commonwealth ex rel. Ensor v. Cummings*, 420 Pa. 23, 215 A. 2d 651 (1966).

Concurring Opinion by Wright, J.:

I feel very strongly that the pendulum has swung too far against police officers and in favor of the accused. I am concurring in the instant case because counsel for the Commonwealth stated at oral argument that a new trial should be granted. It is my view that, at the retrial, the Commonwealth should be afforded an opportunity to establish that the search was valid as incident to a lawful arrest.