Commonwealth, Appellant, *v.* Rose.

Argued September 13, 1967.   Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN,
and SPAULDING, JJ.

*John J. Collins,* Assistant District Attorney, with him *Ward F. Clark,* District Attorney, for Commonwealth, appellant.

*Alan D. Williams, Jr.,* with him *Williams and Glantz,* for appellee.

OPINION BY JACOBS, J., November 16, 1967:

The sole question in this case is whether an affidavit on which a search warrant was issued set forth probable cause. The court below held that it did not. We reverse.

Frank Carney Rose, the appellee, was indicted by the grand jury of Bucks County on a charge of possessing narcotics, a felony under Section 20 of The Drug, Device and Cosmetic Act of September 26, 1961, P. L. 1664, as amended, 35 P.S. §780-20. Appellee filed a petition to suppress evidence seized by the police from his automobile pursuant to the search warrant. After a hearing the court below entered an order suppressing the evidence. The Commonwealth has appealed. Since appellee has not filed a motion to quash, we will assume that the suppression order will substantially handicap the Commonwealth and hear the appeal. See *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304 (1963).

No facts were presented to the justice of the peace who issued the warrant except those set forth in the following affidavit:[1]

---

[1] In passing on the validity of the warrant, the reviewing court may consider only information brought to the magistrate's attention. *Giordenello v. United States,* 357 U.S. 480, 486, 2 L. Ed. 2d 1503, 1509, 78 S. Ct. 1245 (1958).

"COMMONWEALTH OF PENNSYLVANIA
COUNTY OF BUCKS:

"VINCENT FARAGALLI, being duly sworn according to law deposes and says that he is the Chief of Police of Bristol Borough, Bucks County, Penna. and that he has received valuable information from Barbara A. Farrauto of 352 South Olden Ave., Trenton, New Jersey, who was a passenger in a 1962 Ford, Gray & Black Thunderbird with New Jersey Registration number JSD 833 on November 12, 1965, a Friday morning, at 2:35 A.M.

"She identified the operator of the automobile as Frank Rose of Hobson Ave., R.D. #5, Trenton, New Jersey, known to her as "Sonny" Rose as being the one that supplied the narcotics for her use, and that he had said narcotics in the automobile described above.

"On the basis of the above information the deponent has probable cause to believe that there are narcotics in the automobile at the present time.

"WHEREFORE, the deponent prays that a Search Warrant may be issued for entry into the said automobile and for the seizure of any and all narcotics to be found therein, and the same may be dealt with according to law.

"(s) VINCENT FARAGALLI
"Chief of Police

"Sworn to and subscribed to before me this 12th November, 1965.

"(s) John P. Walker
"Justice of the Peace

"My Commission Expires January 1, 1970."

In an able opinion the hearing judge, the Honorable PAUL R. BECKERT, correctly reviewed the rules of law governing the issuance of search warrants. However, it is our view that this search warrant should have been held valid within those rules.

It is fundamental that facts or circumstances must be presented to the magistrate under oath or affirmation from which he may make an independent and detached appraisal that probable cause for the search exists, i.e., that narcotics are probably present. *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964). In making such appraisal the affidavit must be read in a common-sense, rather than a technical manner. *United States v. Ventresca,* 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965).

In *Aguilar,* supra, 378 U.S. at 114, 12 L. Ed. 2d at 729, the Court stated that an affidavit may be based on hearsay information, but in such case "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . . was 'credible' or his information 'reliable.' "

Judge BECKERT felt that the affidavit did inform the magistrate of facts from which the informant concluded the narcotics were in the automobile. With this we agree. The affidavit sets forth that informant was a passenger in the automobile, was given narcotics by appellee either in the automobile or at some other time and that appellee had the narcotics in the automobile. Reading this in a common-sense manner it is reasonable to infer that she saw the narcotics in the automobile since she was a passenger at the critical time and was familiar with the appearance of narcotics.

Where we differ with Judge BECKERT is in his holding that no evidence was given to the issuing authority that the informant was credible or her information reliable.[2] It is apparent that affiant knew personally

---

[2] The affiant is not required to recite that the informant is credible or his information reliable. However, the affiant must

that informant had been a passenger in the automobile a few hours earlier. He knew that she had ample opportunity to see the narcotics. She admitted to him that she used narcotics, itself a crime under the above cited section of The Drug, Device and Cosmetic Act. There is nothing to show that the information was given by the informant other than voluntarily, and in our opinion information volunteered to the police by an eyewitness makes a strong case for its credibility. See *Commonwealth v. Crawley,* 209 Pa. Superior Ct. 70, 223 A. 2d 885 (1966). Further, the fact that her statement is self-incriminating also argues for its reliability. *Blackburn v. United States,* 171 A. 2d 254 (D.C. Munic. Ct. App. 1961). From these circumstances the magistrate properly concluded that informant's information was reliable.

We hold that the affidavit contained probable cause for the issuance of the search warrant.

Order reversed with a procedendo.

---

give some facts which tend to support such credibility or reliability. See *United States v. Ventresca,* supra; *United States v. McCormick,* 309 F. 2d 367, 372 (7th Cir. 1962); *People v. Montague,* 19 N.Y. 2d 121, 278 N.Y.S. 2d 372 (1967).