212 Pa. Superior Ct. 259 (1968)
Commonwealth
v.
Wright, Appellant.
Superior Court of Pennsylvania.
Argued April 8, 1968.
June 13, 1968.
Before WRIGHT, P.J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.
*260 Byrd R. Brown, for appellant.
Charles B. Watkins, Assistant District Attorney, with him Robert W. Duggan, District Attorney, for Commonwealth, appellee.
OPINION PER CURIAM, June 13, 1968:
Judgment of sentence affirmed.
DISSENTING OPINION BY HOFFMAN, J.:
Appellant was indicted on the charge of operating a lottery. Prior to trial, appellant filed a timely motion to suppress evidence on the ground that the search warrant used to obtain the evidence was constitutionally infirm. After a hearing, the motion was denied.
Appellant was found guilty by a jury and moved for a new trial on the ground that the evidence used against him should have been suppressed for the reason stated above. The motion was denied and appellant was ordered to pay a fine of $500.00 and sentenced to six months in the Allegheny County Workhouse. This appeal followed.
The sole issue raised in this appeal is whether the evidence used against appellant should have been suppressed on the ground that the search warrant was not issued upon probable cause and that it was issued for an entire apartment building rather than a specific portion thereof.
The Fourth Amendment generally requires that a warrant be obtained from a magistrate prior to search of private premises. United States v. Ventresca, 380 U.S. 102 (1965). The warrant may only be issued after the magistrate has made an independent and detached appraisal of the affidavit of a police officer or prosecution official and has determined that probable cause exists. Aguilar v. Texas, 378 U.S. 108 (1964); *261 Commonwealth v. Rose, 211 Pa. Superior Ct. 295, 235 A. 2d 462 (1967). In making this important determination, hearsay given by an unidentified reliable informant as well as personal observation of the affiant is acceptable. Brinegar v. United States, 338 U.S. 160 (1949).
In determining whether probable cause is present, the standards set forth in Aguilar v. Texas, supra, must be followed. Under Aguilar, ". . . the magistrate must be informed of some of the underlying circumstances from which the informant concluded that [the paraphernalia was] where he claimed [it was], and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed . . . was `credible' or his information `reliable.'" at 114.
In this case, the warrant was issued upon the following: "On information given by a reliable informant who has given reliable information in the past and from several days surveillance which showed an unusual amount of people entering and leaving. The informant stated that on the first floor in a room in the rear, a colored man would be sitting at a small table writing numbers. This room might also be reached by a rear door via a hillside from Wick St."
Appellant contends that the above affidavit does not reveal any underlying circumstances which substantiate the reliability or credibility of the unidentified informer. A review of the recent cases of Commonwealth v. Bondi, 211 Pa. Superior Ct. 23, 234 A. 2d 191 (1967), and United States ex rel. Palladino v. Gable, 281 F. Supp. 69 (1968), supports appellant's conclusion.
In Bondi, the affidavit stated: "Information supplied by an informant who this officer knows to be reliable and who has furnished info. in past and also *262 on observation on January 27, 1966." Our Court held that this information did not outline any circumstances from which the magistrate could independently determine the informer's reliability and, therefore, invalidated the search warrant.
The highly generalized recital in the instant case is similar to that in Bondi; although a consistent history of reliability is purported, the conclusory statement is highly ambiguous. Furthermore, where, as in Aguilar, the warrant is based primarily or totally upon the informer's information alone, a strong showing of reliability is required. In such cases, the facts supporting reliability are essential to a showing of probable cause.
The reason for demonstrating the fact of the informer's reliability in the complaining affidavit is well-stated in a recent article. "The tendency to allow challenges to allegations based on the word of some anonymous source is easily understood. One who informs on alleged criminals is often a criminal himself, or at best a person who would not ordinarily be considered a reliable witness. . ." Testing The Factual Basis For a Search Warrant, 67 Colum. L.R. 1529, 1532 (1967). Although unidentified informers are useful in modern law enforcement, it is important to require corroborative statements in the affidavit as to reliability in order to assure that the contents, source, and basis of the information will substantiate the issuance of a warrant. Moreover, the Aguilar requirement is necessary to preserve the privacy of an individual where his person or property is searched as the result of an ex parte proceeding where the individual is not afforded an opportunity to confront his accusers.
In this case, as well as Bondi, there are no supportive facts upon which a magistrate might issue a warrant based on probable cause. The pre-trial hearing readily discloses that the affiant could not attest to *263 the reliability of the informer. The officer who obtained the warrant testified that he did not know the informer's name, his address, his occupation, or background. He further admitted that he had relied on this informer only twice before, and could not recount the disposition of any cases which arose from the informer's prior information. In the one case of reliance, the officer stated that his information was not crucial or important; in the other instance, the officer could not remember what the information was or what occurred thereafter.
The Palladino case is also strikingly similar to the instant case. In Palladino, the affidavit read: "Information is based on information supplied by an informant who this officers [sic] knows to be relible [sic] and has furnished information in the past." In Palladino, as here, all we know is that affiant has stated that the informer is reliable and has been so in the past; nothing is alleged to support this conclusion. The Federal District Court for the Eastern District of Pennsylvania in reversing Commonwealth v. Palladino, 209 Pa. Superior Ct. 257, 226 A. 2d 201 (1967), allocatur refused, stated: "As in the case sub judice, the use of an informant always presents certain dangers; even an informant who has been reliable in the past may be very wrong in a particular case. It is therefore not unreasonable to require the police officer to determine the basis for the informant's allegations, and to present that basis to the magistrate for independent evaluation." at 72.
Consequently, absent any underlying circumstances which vouch for the informer's reliability and credibility, Aguilar, Bondi and Palladino require a finding that there are not sufficient facts in the affidavit upon which an impartial magisterial determination of probable *264 cause can be made. See Commonwealth v. Payton, 212 Pa. Superior Ct. 254, 243 A. 2d 202 (1968).
There are also no supportive facts to sustain the bald conclusion of the informer that a colored man would be sitting at a small table writing numbers. The affidavit does not say that the informer was speaking from personal knowledge or whether he was reporting something that he heard from another source. The same type of conclusory statement was made, and rejected, in Palladino, where the affidavit stated: "That on or about the 25th day of October, 1965, and divers times in the past two years, James Palladino has been accepting horse and number bets over telephone numbers LE 4-7447 and 521-2714." The District Court in Palladino stated: ". . . we find no evidence was presented to the Justice of the Peace which could afford him a basis for crediting the hearsay conclusions of the informant. . . . If the magistrate is to perform his detached function of finding probable cause, he must know the circumstances underlying the affidavit's conclusions." at 71.
Where hearsay evidence is offered, as in this case and Palladino, there must be a substantial basis for crediting the hearsay. Jones v. United States, 362 U.S. 257, 269 (1960); Aguilar v. Texas, supra; McCray v. Illinois, 386 U.S. 300 (1967). In such cases, our Courts require that the informer himself actually witness the matters he reports on, or at least state facts which connect him with the matters before he can be credited. Otherwise the hearsay-upon-hearsay problem, against which Aguilar sought to guard, will avoid the purpose of requiring a statement of underlying facts. In the instant case, we are not told of the informer's relationship to the premises to be searched or whether he even saw the incidents described. Furthermore, the affidavit does not contain any affirmative allegation *265 that the affiant spoke with personal knowledge that the informer had actually seen the operation or that he had participated in it.
The only remaining portion of the affidavit in this case which purports to state facts upon which the issuing magistrate might base a finding of probable cause is that which indicates that there was several days surveillance which showed an unusual amount of people entering and leaving. Again, the statement is merely conclusory. There is nothing to indicate when the surveillance took place, time of day, or over what period it was done. An even more blatant infirmity is that the affidavit does not state who made the surveillance. This case is similar to Commonwealth v. Alvarez, 208 Pa. Superior Ct. 371, 222 A. 2d 406 (1966), wherein a search warrant was held invalid partly on the basis that no facts were set forth in the affidavit concerning who conducted the surveillance. Thus, if it is impossible to determine who made the surveillance, when it was done, or for what period of time, the affidavit totally fails to comply with the standards set forth in Aguilar v. Texas, supra.
Accordingly, I would hold that the affidavit in this case is insufficient as a matter of law to support a finding by the magistrate of probable cause to sustain a valid search warrant.
It should also be noted that another portion of the warrant is violative of appellant's constitutional rights. The complaint for the warrant alleged that "certain articles, items, . . . are now concealed in and situated at and in 224 Dinwiddie Street, first floor rear, A certain building or place, as hereafter specifically described, to-wit: A three story brick building with a white front." The warrant was issued for a search of the whole building at 224 Dinwiddie Street, rather than for a specific portion thereof. There is no dispute *266 that the building in question is a multiple dwelling unit.
The Commonwealth argues that premises to be searched were sufficiently described in the complaint, and the fact that the warrant was issued in error for the entire building does not vitiate the validity of the warrant. The Commonwealth cites United States v. Ventresca, supra, for the proposition that affidavits for warrants and warrants must be tested and interpreted in a common sense and realistic fashion. See also Commonwealth v. Palladino, 209 Pa. Superior Ct. 257, 226 A. 2d 201 (1967) [dissenting opinion by HOFFMAN, J.]. By construing the warrant in this light, however, there is no question that the warrant was issued for the whole premises, regardless of the restrictive statement made in the complaint affidavit.
Commonwealth v. Copertino, 209 Pa. Superior Ct. 63, 224 A. 2d 228 (1966), quoting from United States v. Barkouskas, 38 F. 2d 837, 838 (M.D. Pa. 1930), stated "`. . . we are not now concerned with that which happened after the search warrant was issued. We are concerned only with the search warrant itself and with the authority it gave the officer to whom it was directed. . .'" at 69-70. [Emphasis added] In Copertino, a warrant was issued for an entire building that was later found to be a multiple dwelling. Since there was no probable cause to search other than a specified portion of the building, the warrant was held to be invalid by our Court. Similarly in this case, there was no probable cause to search any part of 224 Dinwiddie Street other than the first floor rear. The warrant on its face, however, did not limit the search to that particular part of the building. See Commonwealth v. Copertino, supra, at 68 n. 1. Since the Commonwealth does not dispute that only a specified portion of the building was in question and that the police knew the *267 building to be a multiple dwelling, I would hold that the premises to be searched were inadequately designated in the warrant, and the warrant was therefore illegal.[1]
For the above reasons, I would hold that the search warrant was improperly issued and the fruits of the search should have been suppressed at trial. I would, therefore, vacate the judgment of sentence of the lower court and order a new trial.
JACOBS and SPAULDING, JJ., join in this dissenting opinion.
NOTES
[1] In United States v. Carnigan, 286 F. Supp. 284 (1967), the District Court of Massachusetts held a warrant invalid because the affiant who signed the affidavit was not the same one who gave the information. Although the error was an obvious clerical mistake, the court held that the strict letter, not the spirit, of the law is supreme in determining the validity of a search warrant. Similarly in this case, even though the magistrate perhaps erred in issuing the warrant, the end result is the same; whether by error or design, the police officers were permitted to search the entire premises.