Dissenting Opinion by
Hoffman, J.:
Appellants were indicted on a bill charging them with violations of the Drug Device and Cosmetic Act and possession of narcotics and dangerous drugs. Appellants pleaded not guilty to these charges.
Prior to trial, counsel for appellants moved to suppress evidence obtained as a result of a search of appellant Walker’s apartment pursuant to a warrant. A hearing was held, and the motion was denied. On January 6, 1966, the jury returned a verdict of guilty *269 against both appellants on both counts and were sentenced.
Appellants contend that there were insufficient facts to sustain the issuance of a search warrant. The search warrant and the complaining affidavit are unavailable but the record discloses sufficient information to permit an adequate review of their contents.
The Fourth Amendment requires that probable cause be found before a search warrant may be issued, and the landmark case of Aguilar v. Texas, 378 U.S. 108 (1964), has set forth the fundamental standards necessary to a finding of probable cause. Our Courts have amplified these standards in several cases. See Commonwealth v. Ametrane, 422 Pa. 83, 221 A. 2d 296 (1966) ; Commonwealth v. Bondi, 211 Pa. Superior Ct. 23, 234 A. 2d 191 (1967); Commonwealth v. Wright, 212 Pa. Superior Ct. 259, 243 A. 2d 213 (1968) [dissenting opinion by Hoffman, J.].
Aguilar specifically requires that the magistrate be given some underlying circumstances to support the reliability of an unidentified informer. The reasons for this requirement are set forth at length in the dissent in Commonwealth v. Wright, 212 Pa. Superior Ct. 259, 243 A. 2d 213 (1968). When there are few or no supportive facts to substantiate the hearsay offered by the informer, the search warrant must be invalidated. Commonwealth v. Bondi, supra; Commonwealth v. Smyser, 205 Pa. Superior Ct. 599, 211 A. 2d 59 (1965).
The testimony at the pre-trial hearing in the instant case, in my view, discloses that the information given to the magistrate fails to comply with the standard set forth in Aguilar. The issuing magistrate testified that the following reason supported the warrant.
“A. Well, it was based on the fact that he [the affiant] had information that at the address shown, which was the first-floor front apartment at 132 Trent *270 Avenue, Pittsburgh 19, there were narcotics at that location, and this was on information of some person.” The magistrate asked the affiant whether he had prior reliable information from the informer. The answer to this general inquiry proved to be affirmative, and on that basis, and that basis alone, the magistrate issued the warrant.
The magistrate stated that he did not go into detailed questioning of the qualifications of the informer or the hearsay presented to the affiant because he knew the affiant very well. The magistrate further testified:
“Q. Are [you] saying that any time Mr. Costanza [the affiant] comes before you to seek a warrant that you will accept his general statement to you, that if he makes the statement to you on any occasion that he has a reliable informant with whom he has dealt in the past who has proved to be truthful in the past you will issue him a warrant?
“A. Yes.
. “Q. Without making inquiry into particulars?
“A. Right.”
When a warrant is to be upheld on the basis of hearsay, provided by an unidentified informer, our Courts and the United States Supreme Court have required at least some corroborative statements be given the magistrate. See Aguilar v. Texas, supra; Commonwealth v. Wright, supra [dissent]. Here, no supportive facts were given at all; on that ground alone, the warrant is infirm. Aguilar v. Texas, supra; Commonwealth v. Bondi, supra.
The fact that appellant Walker’s apartment was under surveillance by the affiant and other police cannot lend support for the issuance of the warrant: Giordenello v. United States, 357 U.S. 480 (1958). “It is fundamental that facts or circumstances must be presented to the magistrate under oath or affirmation *271 from which he may make an independent and detached appraisal that probable cause for the search exists. . . .” Commonwealth v. Rose, 211 Pa. Superior Ct. 295, 298, 235 A. 2d 462, 464 (1967). In the instant case, the Commonwealth in its brief concedes “. . . that information gained by the detectives through surveillance of this apartment was not presented to the issuing magistrate and may not therefore be used as a basis for justifying the issuance of the warrant.”
Accordingly, the only information presented to the magistrate was that the informer was reliable and had been so in the past. It must be noted that although the magistrate has the utmost faith in the affiant, he must be presented with underlying facts to support the reliability of an unidentified informer. Since none’ were given in the instant case, I would hold that the search warrant was improperly issued and any evidence seized as a result thereof should have been sup7 pressed at trial.
The appellants further contend that the search warrant was not executed in a reasonable manner and, therefore, violated their constitutional rights under the Fourth and Fourteenth Amendments. To determine this issue, the facts surrounding the execution .of the warrant must be set forth.
The record reveals that three detectives went to appellant Walker’s apartment building after securing the warrant. One detective sat on a bench opposite the apartment and the other two were in a parked car a short distance away. After the detectives saw the appellants enter the building, they assisted an apparently inebriated occupant of the building in unlocking, and opening the front door of the apartment. A short hallway, between three and six feet in length, separated the front door of the building and the door to appellant Walker’s apartment. The door to the apartment was *272 standing open and a girl was leaning against the door jamb. The officers rushed through the front door of the building, through the hallway and burst into the apartment. When they burst into the apartment, they simultaneously announced that they were police officers with a search warrant.
The United States Supreme Court in Ker v. California, 374 U.S. 23 (1963), stated that the manner of execution of a search must comport with the Fourth and Fourteenth Amendments. The search must be done in a “reasonable” manner so as to be consistent with federal constitutional guarantees. The Court further stated, however, that the States may develop workable rules governing searches to meet the practical demands of law enforcement. The recent decision of Commonwealth v. Newman, 429 Pa. 441, 240 A. 2d 795 (1968) has set forth the fundamental guidelines to be followed in our Commonwealth in effectuating reasonable searches.
In Newman, the Court stated: “An announcement of both authority and purpose is required before a door* can be broken down, absent exigent circumstances.” at 444. One exigent circumstance to which the Court referred was the instance where the police officer has announced his purpose and authority and no answer has been given. Then, after a short delay, the officer may use force and such entry will be considered reasonable. In Ker v. California, supra, the United States Supreme Court held that prior announcement is not necessary where the person occupying the premises to be searched has reasonable knowledge that the police are coming or where it is necessary to prevent the destruction of evidence of a crime. See also United States v. Ventresca, 380 U.S. 102 (1965), at p. 107 n. 2.
The Commonwealth contends that the search in the instant case was properly executed because the police *273 knew they were looking for narcotics, an article easily disposed of in a short period of time. Detective Con-stanza testified that items such as heroin and other narcotics could he flushed down a toilet or drain, or even swallowed, in order to destroy the evidence of the crime during the delay between the knock on the door and the entry of the police.
This argument was made in Newman and rejected. Newman dealt with lottery and gambling devices. The Court stated: “The fact that some lottery paraphernalia is easily destroyed does not justify the suspension of the Fourth Amendment in all lottery prosecutions. One of the prices we have to pay for the security which the Fourth Amendment bestows upon us is the risk that an occasional guilty party will escape.” at 448. Thus, although the Supreme Court of the United States permits a search to be executed without announcement and to be deemed reasonable if evidence of a crime is being destroyed, our Supreme Court has taken a more stringent view. In Newman, our Court required that some announcement of purpose and authority be made prior to entry, even though evidence might be destroyed. Such a view, as previously noted, is permissible under Ker v. California, supra.
Nor can it be maintained that the above cases are not applicable since the door was open. The crucial term is “entry”, and whether the door to the premises is open or shut is irrelevant. Rather, the Newman decision requires some announcement of purpose and authority before the police come through the door to begin their search of any part of the premises.
It must also be noted that the record is devoid of any evidence to illustrate that the appellants knew or had reason to believe that the police were coming. The police were not in hot pursuit of the appellants prior to their entry as in Ker v. California, supra. Conse *274 qnently, the exception to the announcement rule permitted in Ker and discussed in Commonwealth v. Newman, supra, and Commonwealth ex rel. Ametrane v. Gable, 276 F. Supp. 555 (E.D. Pa. 1967), is inapplF cable to the instant case.
Thus, since the detectives did not announce either their authority or purpose prior to entry into appellant Walker’s apartment, the execution of the search falls within the proscription set forth in Commonwealth v. Newman, supra.
In conclusion, I would hold that the search warrant was issued without probable cause and that the search was not conducted in a reasonable manner as required by the Fourth and Fourteenth Amendments. I would, therefore, hold that the evidence seized as a result of the search should have been suppressed, and vacate the judgment of sentence of the lower court and order a new trial.
Spaulding, J., joins in this dissenting opinion.