222 Pa. Superior Ct. 348 (1972)
Commonwealth
v.
Muscheck, Appellant.
Superior Court of Pennsylvania.
Argued June 12, 1972.
September 15, 1972.
Before WRIGHT, P.J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.
*349 Francis S. Wright, Assistant Defender, with him Barbara Bailey, Assistant Defender, and Vincent J. Ziccardi, Defender, for appellant.
Robyn Greene, Assistant District Attorney, with her Milton M. Stein, Assistant District Attorney, James D. Crawford, Deputy District Attorney, Richard A. Sprague, First Assistant District Attorney, and Arlen Specter, District Attorney, for Commonwealth, appellee.
OPINION BY PACKEL, J., September 15, 1972:
The appellant, convicted of possessing narcotic drugs, seeks a reversal on the ground that the search warrant was fatally ambiguous. We agree with the legal proposition that there must be a proper description of the premises to be searched, coupled of course with probable cause to search the designated premises. Commonwealth v. Copertino, 209 Pa. Superior Ct. 63, 224 A. 2d 228 (1966); Commonwealth v. Samolsky, 202 Pa. Superior Ct. 406, 195 A. 2d 818 (1963). The federal and state constitutional guarantees of freedom from unlawful searches prohibit a "rubber stamping" procedure for the issuance of warrants that do not adequately describe the premises to be searched. Commonwealth v. Smyser, 205 Pa. Superior Ct. 599, 605, 211 A. 2d 59, 63 (1965).
The legal argument, however, is unsupported by the factual information in the warrant in question. Appellant claims ambiguity because of a difference in the *350 address of the owner involved and of the premises to be searched. The warrant had the information typed on a printed form. One block was designated "Name of Owner, Occupant of Premises, and/or Person to be Searched." The other block had printed thereon "Address (Street and No.) and Description of Premises and/or Person to be Searched." There can truly be no question but that the latter block indicated the premises to be searched. The contention that the probable cause information did not apply to the premises to be searched is unwarranted. True, at one place the information referred to an apartment but that designation was still referring to the specific location to be searched as is made abundantly clear by several later references specifically to the location to be searched.
Judgment of sentence affirmed.
DISSENTING OPINION BY HOFFMAN, J.:
This is an appeal from appellant's conviction for possession of marijuana. Appellant contends that the evidence seized pursuant to a search warrant should have been suppressed. I agree.
Appellant's premises were searched pursuant to the following search warrant, which was obtained by a member of the narcotics squad of the Philadelphia Police Department:
"Name of owner/occupant of premises and/or person to be searched: William Barton, residence 1008 S. 49th Street and others on premises. Address (street and No.) and description of premises and/or person to be searched: 1633 Locust Street second floor front. Probable cause and/or reasonable grounds: On 12/13/70 at approx. 2:10 A.M. affiant received information that the above-named defendant did have in his apartment approximately 30 pounds of marijuana. Said informant *351 stated that on 12/13/70 at approximately 11:59 P.M. he had an occasion to be inside the above location and did observe numerous persons enter the above location and hand to the above $200.00 dollars in U.S. currency at which the subject would go into his bedroom and upon returning hand to the persons a brick of ground green weed weighing approximately one pound. As a result of this information I set up on 12/14/70 between 2:00 A.M. and 4:00 A.M. a surveillance at which time I observed approx. (5) five persons enter the location and after staying a short period of time leave carrying a brown bag. Approx. two (2) of these persons were known to me as drug abusers. Therefore I do believe and have probable cause to believe that narcotics are being stored, dispensed and used at the above location and that a search of the premises is warranted at this time. Informant has been responsible for six arrests resulting in four convictions with two persons awaiting court action."[1] (emphasis added).
At 3:00 a.m. on December 16, 1970, two Philadelphia police officers executed the warrant at 1633 Locust Street. The officers testified that they were admitted by appellant, who was present in the apartment with his co-defendant, Gary Sherwood. The individual named in the warrant, William Barton, was not present in the apartment, nor did he appear there during the search.
The Officer testified at the motion to suppress as follows: "A. The apartment is like one big room, as I said, and it's a combination bedroom-living room area. It also has a fireplace in it. As you go to your left after you enter you make another left, you'll go into *352 a small little area that contains like an icebox and a stove. An right beyond that there's a very small room that's used for a bath. Q. For a bath. So this is what you would call a studio apartment; is that correct? A. Yeah, I guess you could use it as a studio. Q. There's no particular area set aside for a bedroom. A. Not that I could see, no. It's a combination of everything. Q. Now, when you said that the defendant did have in his apartment, the address of the apartment is 1008 South 49th Street; isn't that correct? A. That's where the defendant resides, that's correct, the one of the co-defendants resides. Q. Right. And the informant told you information that he knew, which was that the above-named person, William Barton, would go into his bedroom; isn't that correct? Isn't that what you have in the warrant? A. Yeah, that's what I have in the warrant. Q. Which would mean 1008 South 49th Street; is that correct? A. No, sir. Q. Well, where do we get from this warrant, where do we get any information tying up 1633 Locust Street? A. That's the premises to be searched. A. Right. But, when you refer to the person, above-named person, you're referring to William Barton  A. No, I'm not referring to William Barton. Q. All right. Let's say you're referring to more than William Barton, and/or others on the premises. A. That's correct. Q. And when you refer to William Barton's apartment, William Barton's apartment is 1008 South 49th Street, isn't that correct, you just told me yes? A. That's right. Q. So, therefore, if that's his apartment, his bedroom would be at 1008 South 49th Street; is that correct? A. I believe so. Q. So then, therefore, there's nothing in the body of this warrant to connect 1633 Locust with any drugs. A. Yes, there is. Q. Where? A. That's the place or premises to be searched. Q. Right. That's the place or premises to be searched. A. That's the place *353 in question that the probable cause is speaking about. Q. But you never told us that in the body of the warrant; is that correct? A. The way counsel's reading it is correct."[2]
The Fourth Amendment to the United States Constitution requires that "no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." (Emphasis added.) Article I, Section 8 of the Pennsylvania Constitution contains a similar requirement: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures and no warrant to search any place or to seize any person or thing shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant." (Emphasis added.)
In Commonwealth v. Copertino, 209 Pa. Superior Ct. 63, 224 A. 2d 228 (1966), our Court held that where the information alleged does not establish probable cause for the specific premises named in the warrant, it is invalid. In that case, police officers obtained a search warrant for 7217 West Passyunk Avenue, a building containing apartments on the first and second floors. Nothing was alleged in the warrant which would have justified a warrant for the whole building. The ensuing search was conducted only on the first floor for which probable cause did exist. In the opinion written by Judge JACOBS, this Court held that "[t]he fact that only the first floor was actually searched will not validate the warrant which was illegal when issued. The validity of the warrant is dependent *354 upon the facts shown at the time of its issuance. A warrant issued without probable cause, as this warrant was, violated the Fourth Amendment's mandate that `no warrants shall issue, but upon probable cause.' [citations omitted] As was said in [United States v. Barkouskas, 38 F. 2d 837, 838 (M.D. Pa. 1930)], `. . . we are not now concerned with that which happened after the search warrant was issued. We are concerned only with the search warrant itself and with the authority it gave the officer to whom it was directed. It gave him authority to search the house of an innocent person without any attempt to show probable cause, which the Constitution of the United States (Amend. 4) intended to prevent.'" Commonwealth v. Copertino, supra at 69-70.
In the instant case the search warrant presented to the issuing authority was, at best totally confusing. The space labelled "name of owner/occupant of premises to be searched" specifies "William Barton, residence 1008 South 49th Street and others on premises," while the space labelled address and description of premises to be searched, specifies "1633 Locust Street, second floor front." One might expect the ambiguity generated by these two different addresses to have been resolved in the probable cause section of the warrant, but that section in no way specifies at what address the informant and the police officer observed the criminal activity in question. Moreover, the probable cause section states that the "above-named defendant did have in his apartment approximately thirty pounds of marijuana." Since the "above-named defendant" is listed as William Barton, and his apartment is listed as 1008 South 49th Street, it would appear that the probable cause section is referring to the South 49th Street address.
*355 The police officer's testimony only buttressed the conclusion that the warrant was ambiguous. He testified that the informant told him that the appellant would go into his bedroom and return with a brick of marijuana. The apartment searched, however, contained no bedroom.[3]
As we held in Commonwealth v. Copertino, supra, the critical necessity is not that probable cause might have existed for the premises actually searched, but that at the time the warrant was issued facts were alleged that established probable cause for a clearly identified premises specified in the warrant. Considering the warrant as a whole, and the additional facts elicited at the suppression hearing, I do not believe that probable cause existed for a search of 1633 Locust Street at the time the issuing authority issued the warrant.
Therefore, I would reverse the judgment of sentence and order a new trial.
SPAULDING, J., joins in this dissenting opinion.
NOTES
[1] The last sentence of the probable cause section of the warrant was handwritten. The police officer who obtained the warrant testified that he added this sentence after typing the preceding portion of the probable cause section.
[2] It should be noted that the officer never gave the issuing authority any additional information orally, which might have clarified the warrant.
[3] The affiant officer candidly testified at the suppression hearing that the issuing authority approved the warrant without making any substantive inquiry about its contents. In view of the patent ambiguity, one wonders if the warrant was given the neutral and detached consideration required by our Commonwealth's Constitution and the Federal Constitution. See Johnson v. United States, 333 U.S. 10 (1948); Commonwealth v. Smyser, 205 Pa. Superior Ct. 599, 605, 211 A. 2d 59 (1965).