## Commonwealth *v.* Falk, Appellant.

44

Submitted December 6, 1971.  Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*David E. Auerbach,* Assistant Public Defender, for appellant.

*Anna Iwachiw Vadino* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 24, 1972:

This is an appeal from appellant's conviction and sentence for violation of the Drug, Device and Cosmetic Act, Act of September 26, 1961, P. L. 1664, §1, 35 P.S. 780-1 et seq.

Appellant contends that the drugs seized in his apartment and introduced as evidence against him at his trial were the fruit of an unconstitutional search and seizure. Specifically, appellant alleges that the search warrant which purportedly gave the police authority to make the search failed to establish probable cause for the magistrate to authorize a search. Appellant argues, therefore, that the search was violative of the standards set forth in *Aguilar v. Texas,* 378 U.S. 108 (1964); *Spinelli v. United States,* 393 U.S. 410 (1969); and *United States v. Harris,* 403 U.S. 573 (1971).

The search warrant upon which the magistrate found probable cause to authorize a search contained the following information:

"(1)   From Officer Ward, Haverford Township Police, information was received by the affiant that a boy by the name of Bob was selling and using a narcotic referred to as 'Speed' and that he lived in the apartments on East Eagle Road;

"(2)   Affiant talked to Officer Chatfield, Haverford Township Police, assigned to the walking beat in this area, and he supplied the fact that Robert Falk did live at 34 East Eagle Road; that at one time Falk worked at Musselman's Pharmacy in Philadelphia but had been fired; that he had information that this subject and two girls in Apartment C-16 have been having drug parties in the apartments and on February 22nd were reported to have LSD and Speed; and Falk is friendly with the man in Apartment A-5, Essay, who is reported to be using dugs also.

"(3)   On February 23rd, Officer Ward gave affiant a white pill which Ward had received from a source of information who stated she had received this from Falk. This pill was analyzed at the Crime Lab of the District Attorney's Office and was found to be dextroamphetamine sulfate.

"(4)   Musselman's Pharmacy was contacted and the store manager, Mr. Feldman, stated that Falk had represented himself to them as a registered pharmacist. After working for two weeks and receiving no replies from Falk's references, they checked with the Philadelphia College of Pharmacy and found that Falk had been dismissed from school in his second year.

"(5)   Falk is now believed to be employed by Jaffe's Drug Store, 54th and Woodland Avenue."

This information, in light of the United States Supreme Court's recent opinion in *United States v. Harris,* supra, was not sufficient for the magistrate to authorize a search. In *Harris* the Supreme Court indicated that an affidavit must contain the underlying "facts or circumstances" from which a magistrate could find probable cause. *United States v. Harris,* supra, at 578, quoting *Nathanson v. United States,* 290 U.S. 41, 47 (1933). One of the necessary underlying facts is the manner in which the informant came by his information. The Court noted that an affidavit "gained nothing by the incorporation by reference of the informant's unsupported belief." *Harris,* supra, at 578, citing *Aguilar v. Texas,* 378 U.S. 108 (1964). There must be some indication that the informant's tip is truthful, and under *Jones v. United States,* hearsay information can establish a basis for truthfulness of the information if there is "a substantial basis for crediting the hearsay." *Harris,* supra, at 581. Chief Justice BURGER, in his opinion in *Harris,* specified four factors which should be given consideration in determining whether a "sub-

stantial basis" for crediting the hearsay exists: (1) accurate information previously given by the informant, (2) corroboration of the informant's story by other sources, (3) personal and recent observations of the informant which amount to a declaration against interest, and (4) the reputation of the defendant with the police if supported by prior events within the affiant's own knowledge. *Harris*, supra, at 583.

The information contained in the affidavit in the instant case was all hearsay information. Therefore, in order to determine whether the affidavit was constitutionally sufficient, our attention must be directed to the question of whether the affidavit contained information which provides a "substantial basis" for crediting the hearsay. Reviewing the factors discussed in *Harris*, supra, it is apparent that there is no substantial basis for crediting the hearsay information.

First, there is no information in the affidavit which indicates that any of the unidentified informants had previously given accurate information. Second, there is no corroboration of any of the informants' stories (that appellant was possessing and selling drugs). Corroboration, to be of value, would have to be based on personal knowledge, and repeated allegations that a police officer "had received information" would clearly not be corroboration, as all the officers could be referring to the same source. Furthermore, there is only one allegation in the affidavit that the information had actually been received from an informant, and not based on the officers' suspicion alone.[1]

---

[1] "[M]ere affirmance of belief and suspicion" will not constitute probable cause upon which the validity of a warrant may be predicated. *Nathanson v. United States*, 290 U.S. 41, at 46 (1933), quoted with approval in *United States v. Harris*, 403 U.S. 573 (1971).

Third, the information contained in the affidavit does not state a recent observation by an informant. At most we have a personal observation made by an unidentified female to an Officer Ward, who in turn gave that information and a piece of physical evidence to the affiant. There is no time related as to this observation, nor is there any indication that the female informant is credible, prudent, or otherwise trustworthy.[2]

The possibility that the hearsay observation of the female informant was against her penal interest does not supply the necessary element of credibility. In the recently decided case of *Commonwealth v. Matthews,* our Supreme Court stated "that when a person is an admitted participant in a crime, and the police attempt to secure a warrant upon the information received from him, the second aspect of the [United States] Supreme Court's test [reliability] is met, since the fact that the individual admits participation in the crime insures his reliability." *Commonwealth v. Matthews,* 446 Pa. 65, 285 A. 2d 510 (1971).

In *Matthews,* however, the affidavit indicated that the informant, identified as James Williams, was a participant with the defendant in a specific crime. Williams, after his arrest, implicated the defendant in the crime. The Supreme Court concluded that in these circumstances "the affidavit involved [was] sufficient to establish [that] Williams [was] reliable since he

---

[2] The information in the affidavit does not even give a clue as to when this white pill was transferred to Officer Ward by the unidentified informant. How a magistrate could conclude that there was a reasonable basis for a search, when he was not even aware of the date of the alleged transfer of the pill from the defendant to the informant, is beyond this Court's comprehension.

Furthermore, without some indication that the informant is at least a "prudent" person, there is absolutely no basis upon which a magistrate could find that the informant is credible.

was a 'known' participant in the crime, and the magistrate could properly presume Williams knew anything he said would or could be used to implicate him in the crime, and he would not be inclined to give false information about himself, or his uncle, the appellant.

"Moreover, his recitation of the manner in which the crime was committed was corroborated by the police investigation, since it was clear that a murder had been committed and it occurred as a result of stab wounds, as the informer stated, leading to the conclusion he had first-hand information." *Matthews,* supra, at 71-72.

*Matthews* is distinguishable from the instant case. The affidavit in *Matthews* named the informant, and it included facts which supported the informant's claim to first-hand knowledge and participation in the crime. Furthermore, the *Matthews* affidavit contained information which indicated that the informant would have realized his implication of himself in his statement. In the instant case there is no indication that the informant's claim to first-hand knowledge is reliable nor is there an indication that the informant understood that she was implicating herself by her statement.

If the informant in the instant case had been named in the affidavit, there would be at least some indication that she was something less than a paid informer, immune from prosecution. As the affidavit appears on its face, however, a magistrate would have no way of knowing whether the informant actually feared prosecution at the time of her statement. Even if she were not a paid informant, there is also no indication in the affidavit that she knew or appreciated that she may have been involved in an illegal transaction. Under such circumstances it would not be proper to hold that the informant made a knowing admission against penal interest.

Finally, there is no statement in the affidavit to the effect that the appellant had a reputation with the police, supported by prior events, for possessing and using narcotics. Paragraph (2) of the affidavit contains an unsupported allegation that appellant was having drug parties with two girls "in the apartments and on February 22nd were reported to have LSD and Speed." No basis for this information is stated in the affidavit, and this, of course, would not establish a "reputation", but instead would merely be the unsupported accusation of an unidentified informant.

It is evident from the above that there was no substantial basis for crediting the hearsay information contained in the affidavit in the instant case. Where there is no factual basis for believing an informant, there is no basis upon which a magistrate could reasonably issue a warrant. See *United States v. Harris,* supra, at 584.

For the above reasons the judgment of sentence is vacated and appellant is granted a new trial in accordance with the principles set forth in this opinion.

WRIGHT, P. J., and WATKINS, J., would affirm the judgment below.