Submitted on briefs June 25, affirmed July 8, 1974

STATE OF OREGON, *Respondent, v.* JAMES
FREDRICK HAYWARD and THURSA JANE
HAYWARD (Nos. 8049 and 8070), *Appellants.*

523 P2d 1278

Wayne E. Allen and Allen & Biggs, Eugene, for appellants.

Robert E. Brasch, District Attorney, Coquille, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

■ Defendants were indicted and convicted of possession of cocaine, amphetamines, methamphetamines, marihuana and lysergic acid diethylamide (LSD) contrary to ORS 167.207. The sole issue in this appeal concerns the denial of the defendants' motion to suppress evidence obtained during a search of their residence. Defendants' only contention is that the reliability of an unnamed informant was not established by the affidavit supporting the search warrant. As did the trial judge, we hold to the contrary.

In its pertinent portions, the affidavit in support of the request for a search warrant states:

"I, Lee Benson, being first duly sworn, do depose and say:

"I am a detective for the City of Coos Bay Police Department. In conjunction with that employment, I work with Detective Max Gilfillan of the Coos Bay Police Department. Detective Gilfillan notified me that at 9:30 A.M. on August 21, 1973, an informant told Detective Gilfillan that the above named defendant had a pound of cocaine in the above named defendant's house at 1056 Central Avenue, Coos Bay, Coos County, Oregon. This informant further told Detective Gilfillan that he actually saw and tasted the cocaine at Jim Hayward's residence at the above address. He further stated that the cocaine was 'sheet rock coke' which

I know from my experience as a police officer as being a compressed brick of solid cocaine. This informant indicated to us that the informant has seen cocaine before and was familiar with the taste of cocaine. The informant indicated to Detective Gilfillan that the pound cocaine was worth about $12,500. I know from my personal experience as a police officer that one pound of cocaine in that form would be worth about $12,000 to $15,000. This informant further stated that he saw and tasted this cocaine on the evening of August 20, 1973. The informant stated that he notified Detective Gilfillan of this cocaine because he was upset at the fact that Jim Hayward has teen age children living in the residence. The informant further stated that he had been to that house on two previous occasions and had purchased 'dope' from Jim Hayward at that residence.

"The informant told Detective Gilfillan that Jim Hayward owned a dark blue van automobile, Oregon License Number JGJ 147, which was parked behind the residence at 1056 Central Avenue. We verified this information through the Division of Motor Vehicles and learned that a 1970 Ford van, Oregon License Number JGJ 147, is registered to a Jim Hayward, 1056 Central Avenue, Coos Bay. I learned from a representative of Pacific Power & Light Co. that a Jim Hayward pays the electric bil [sic] at 1056 Central.

"Later in the morning of August 21, 1973, the informant provided Detective Gilfillan and me with one-half gram of a white powdery substance he said he purchased from Jim Hayward for $25 the night before. Lt. Gilfillan advised me that he ran a field test on the white powdery substance and the test showed positive for cocaine. Having worked with Detective Gilfillan on the Coos Bay Police Department for three years, I know that Detective Gilfillan has considerable experience in field testing for drugs, including cocaine.

"Detective Gilfillan also told me that the in-

formant further stated to Detective Gilfillan that he would not get 'ripped off' for the cocaine because Jim Hayward advised the informant that he had the 'horsepower' to protect the cocaine. The informant stated that he implied from this statement that Jim Hayward had a firearm or firearms in the residence.

"Based on the above information, I have probable cause to believe and do so believe that cocaine is being illegally possessed at a house located at 1056 Central Avenue, Coos Bay, Coos County, Oregon, and I therefore respectfully request that a search warrant be issued for the above described house so that I may search for cocaine * * *."

■ Reliability of an informant may be established by the independent corroboration of his information; the fact that an informant turns over to the police the narcotics which he claims to have purchased is persuasive corroborative evidence of his reliability. *State v. Thacker,* 9 Or App 250, 496 P2d 729 (1972); *State v. Evans,* 1 Or App 489, 463 P2d 378, Sup Ct *review denied* (1970). The production of the cocaine corroborates the reliability of the informant in this case.

■ In addition, in determining reliability, statements against penal interest are a relevant factor. *United States v. Harris,* 403 US 573, 583, 91 S Ct 2075, 29 L Ed 2d 723 (1971); *State v. Broderick,* 14 Or App 69, 511 P2d 1281 (1973). The informant here admitted to the purchase of narcotics from the defendant on several occasions; the possession of these narcotics is itself a violation of ORS 167.207.

Taking all the information within the "four corners" of the affidavit, *State v. Metler,* 6 Or App 356, 487 P2d 1377 (1971), we find the reliability of the informant has been sufficiently established.

Affirmed.