393 A.2d 485

**COMMONWEALTH of Pennsylvania**

v.

**William TATUM, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 23, 1977.

Decided Oct. 20, 1978.

530

James M. Keller, Ellwood City, for appellant.

Joseph S. Walko, District Attorney, Beaver, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant-defendant was convicted by a jury of possession with intent to deliver a controlled substance, specifically six pounds of marijuana.[1]  Post verdict motions were denied, sentence imposed, and this appeal followed.

The issues presented by this appeal involve a challenge to the sufficiency of a search warrant, and an ineffective assistance of counsel claim.

1.  Act of April 14, 1972, P.L. 233, No. 64, § 13, as amended 35 P.S. § 780–113 (Supp. 1976–77).

The first assignment of error is directed to the sufficiency of the search warrant by which evidence was recovered from appellant's house. The affidavit supporting the warrant recites that the informant "observed the subject, William Tatum, carrying into his apartment building, 303 Brighton Homes, . . . a suitcase and a shopping bag containing marijuana . . ." Under *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the contraband was where he claimed it to be. Suspicions or belief that a criminal act is being committed is insufficient to support a warrant. See *Commonwealth v. Brown* and *Love*, 243 Pa. Super. 285, 365 A.2d 853 (1975), and *Commonwealth v. Emerich*, 225 Pa.Super. 163, 310 A.2d 390 (1973).

In *Commonwealth v. Falk*, 221 Pa.Super. 43, 290 A.2d 125, 126 (1972) this court examined the case of *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971) and concluded that "the Supreme Court indicated that an affidavit must contain the underlying 'facts and circumstances' from which a magistrate could find probable cause . . . One of the necessary underlying facts is the manner in which the informant came by his information."

In the present case, the informant told the affiant that he saw the appellant carrying a suitcase, and a shopping bag, but he did not tell him when or how he acquired the knowledge that they contained marijuana. Without the disclosure of those additional facts and circumstances, we must conclude that the statement that they contained marijuana was a suspicion or belief, and as such insufficient to support the warrant. There is no other corroborating evidence to support the informant's statement.

The second argument raised by appellant challenges the reliability of the informant. This affidavit recites that the informant is "a reliable individual who is a citizen of Beaver County. . . . Known to me to be reliable on other pertinent information given to our Bureau in which this information was checked out and proven to be true. This individual's information has not led to any arrests, but

the information has led to other present investigations by the Bureau of Narcotics". This excerpt merely says that the informant is a reliable individual in the opinion of the affiant. *Commonwealth v. Ambers*, 225 Pa.Super. 381, 310 A.2d 347 (1973), based on *Aguilar*, provides that the affidavit supporting the search warrant must set forth underlying circumstances from which the officer-affiant concludes that the informer is credible or his information reliable. Although *Commonwealth v. Archer*, 238 Pa.Super. 103, 352 A.2d 483 (1975), held that investigative leads may be sufficient, there was, in that case, other corroborating evidence to verify those leads. In the present case, there is no other corroboration evident. Therefore, the second requirement of *Aguilar* has not been met.

In light of the foregoing discussion, the ineffectiveness of counsel claim need not be decided.

The judgment of sentence is reversed, and a new trial awarded in that the evidence, in this case, was illegally seized on a defective warrant.

VAN der VOORT, J., notes dissent.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.