453 A.2d 637

**COMMONWEALTH of Pennsylvania**

v.

**Michael SALVAGGIO, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 1982.

Filed Nov. 30, 1982.

---

386

George E. Goldstein, Pottstown, for appellant.

Donald B. Corriere, District Attorney, Easton, for Commonwealth, appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

McEWEN, Judge:

We here review an appeal from a judgment of sentence imposed after appellant was convicted following a non-jury trial of possession of cocaine and possession of methamphetamine and sentenced to two terms of imprisonment for a period of from five months to one year to be served concurrently.

Appellant expresses the following contentions in his brief:

1. An individual cannot be considered to be credible in order to establish probable cause to issue a search warrant when he has never provided information in the past and the police know nothing about his background other than he is a drug user and had done nothing to determine whether he is an honest individual.

2. The affidavit did not provide the issuing authority with a factually supported basis to conclude that contraband was present on the premises at the time of the search.

3. The failure to provide the issuing authority the information known about the informant constituted a material misstatement of fact.

The first contention of appellant requires a close scrutiny of the application for a search warrant and affidavit so as to

determine whether the district magistrate had a sufficient basis to determine there was probable cause for the issuance of a warrant to search the house at 417 Laubach Street, Hellertown, the residence of appellant. The distinguished Northampton County Common Pleas Court Judge Robert A. Freedberg conducted a hearing upon the motion of appellant to suppress the evidence as a result of an illegal search and seizure, but refused appellant such relief.

When we review the decision of the trial court, we must determine whether the factual findings are supported by the record. In making this determination, we consider only the evidence of the witnesses of the Commonwealth and so much evidence of the defense as, fairly read in the context of the record as a whole, remains uncontradicted. If, when so viewed, the evidence supports the factual findings we are bound by such findings and may only reverse if the logical conclusions drawn therefrom are in error. *Commonwealth v. Johnson,* 467 Pa. 146, 151–152, 354 A.2d 886, 889 (1976). Our review of such evidence reveals that the factual findings of the suppression judge are supported by the record and we refer to those Findings of Fact to establish a factual basis for our discussion of this issue:

1. A member of the Pennsylvania State Police filed with a district magistrate an application for search warrant and affidavit seeking a search warrant for defendants' residence, 2½ story red brick dwelling at 417 Laubach Street, Hellertown.

2. The probable cause averments contained therein are set forth as follows:

(1) Between the period of 25 to 31 October, 1979, affiant met with a confidential informant who related to affiant that one Vic Salvaggio is involved in the distribution of large quantities of cocaine and marijuana. That Vic Salvaggio rents vehicles and makes trips to New York and New Jersey to pick up said drugs. That further the said confidential informant related to affiant that he (CI) has on numerous occasions purchased

cocaine and marijuana from Vic Salvaggio at Salvaggio's residence, 417 Laubach St., Hellertown, Penna. (2) Said information mentioned in fact # 1 is consistent with information relative to prior investigations conducted by the Penna. State Police and arrests involving the aforementioned Salvaggio. Said investigations revealed Salvaggio's correct first name is Michael and Vic is an alias.

(3) On 31 October, 1979 that affiant conducted a records check on aforementioned Michael Salvaggio. Said records check revealed 2 arrests by the Pa. State Police for narcotics. One on 15 March, 1972 for delivery of marijuana and one on 5 September, 1972 for Possession with the Intent to Deliver Marijuana.

(4) That in the past 6 months members of the Pa. State Police Region 1 Strike Force conducted an independent investigation into Michael Salvaggio and found that Salvaggio has been renting vehicles from the ABE Airport. This information was obtained by the affiant from members of the Region 1 Strike Force of which affiant is the supervisor.

(5) Between the period of 28 to 30 October, 1979 that affiant met with the aforementioned confidential at which time confidential informant was searched by affiant in the presence of Agent Ken Marut of the Bureau of Drug Control and said confidential informant was found to be drug free. The affiant then gave a quantity of money to the said confidential informant to purchase a quantity of cocaine from the aforementioned Michael Salvaggio. Said confidential informant was in the view of affiant from the time of search until confidential informant entered the residence (417 Laubach St.) of Michael & Gloria Salvaggio and affiant along with Agent Marut did observe confidential informant enter the residence of Michael & Gloria Salvaggio. Confidential informant was then observed exiting the residence of Michael & Gloria Salvaggio and immediately turned over to affiant a quantity of suspected co-

caine. The aforementioned confidential informant then related to affiant that while in the residence of Michael & Gloria Salvaggio, he (CI) did purchase suspected cocaine.

(6) Subsequent to fact # 5, the affiant conducted a field test on the suspected cocaine mentioned in fact # 5. Said field test gave him a positive reaction for cocaine. Further the affiant proceeded to the Penna. State Police Crime Lab. at Bethlehem and a field test was conducted by Criminalist II Stanley Burghardt and said test also was positive for cocaine.

(7) That on 31 October, 1979 that affiant contacted Chief David Einherst of the Hellertown Police Dept. to ascertain the correct address of Michael & Gloria Salvaggio. Chief Einherst related that a check on the Boro. tax records indicate the address of Michael & Gloria Salvaggio is 417 Laubach St., Hellertown, Penna.

(8) The affiant has been a member of the Penna. State Police for approximately 9½ yrs. six (6) of which the affiant has spent investigating narcotics and is presently the supervisor of the State Police Region 1 Strike Force located in Allentown, that during the past 6 yrs. the affiant has conducted numerous narcotics investigations. That from said investigations the affiant learned that drug dealers of ten times keep records of said drug deals. That said drug dealers keep drug paraphernalia such as scales and various types of containers to distribute said drugs.

3. A search warrant, issued by the district magistrate, was executed by the state police on October 31, 1979, resulting in confiscation of various items which are the subject of this suppression application.

4. The probable cause averments in the search warrant application are truthful.

█ The appellate courts of this Commonwealth have clearly accepted the "two pronged test" provided by the United States Supreme Court in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964):

Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, was "credible" or his information "reliable".

*See, Commonwealth v. Davis,* 466 Pa. 102, 351 A.2d 642 (1976); *Commonwealth v. Milliken,* 450 Pa. 310, 300 A.2d 78 (1973); *Commonwealth v. Matthews,* 446 Pa. 65, 285 A.2d 510 (1971); *Commonwealth v. Minton,* 288 Pa.Super. 381, 432 A.2d 212 (1981); *Commonwealth v. Reisinger,* 252 Pa.Super. 1, 380 A.2d 1250 (1977). *Aguilar* reiterates that it is the magistrate or issuing authority who is to make the *conclusion* that *probable cause exists* and permits the magistrate to reach such a conclusion only when the magistrate has been informed of:

(1) some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were. *Aguilar, supra,* 378 U.S. at 114–115, 84 S.Ct. at 1514.

(2) some of the underlying circumstances from which the officer concluded that the informant . . . was credible or his information reliable. Id. at 114–115, 84 S.Ct. at 1514.

The principles proclaimed by the United States Supreme Court in *Aguilar* were refined by that court in *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) when the court, inter alia, declared:

In absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based

merely on an individual's general reputation. *Spinelli supra*, 393 U.S. at 416, 89 S.Ct. at 589.

■ Appellant cannot seriously dispute the adequacy of the affidavit with regard to the first prong. The statement of the informant "that he (CI) has on numerous occasions purchased cocaine and marijuana from Vic Salvaggio at Salvaggio's residence, 417 Laubach St., Hellertown, Pa." is certainly conclusive as to the manner in which the informant obtained his information. It would seem there is no more conclusive method of securing evidence of criminal activity in and upon a certain premises than by actual personal purchase of contraband in the pertinent premises from a resident thereof. The issuing authority would have no alternative but to conclude that the informant had a sufficient basis for his conclusion that contraband was stored and sold at 417 Laubach Street, Hellertown.

■ When we consider the second prong of the *Aguilar* test, we must determine either that the issuing authority determined the informant was credible or that the issuing authority determined that the information from the informant was reliable. This court in *Commonwealth v. Ambers*, 225 Pa.Super. 381, 386, 310 A.2d 347, 350 (1973), delineated four criteria to be considered by the issuing authority in an evaluation of whether there is substantial basis for determining either that the informant is credible or his information reliable:

1. Did the informant give prior reliable information?
2. Was the informant's story corroborated by any other source?
3. Were the informant's statements a declaration against interest?
4. Does the defendant's reputation support the informant's tip?

*See U.S. v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *Commonwealth v. Mazzochetti*, 299 Pa.Super. 447, 445 A.2d 1214 (1982); *Commonwealth v. Albert*, 264

Pa.Super. 390, 399 A.2d 1106 (1979); *In re Burton,* 259 Pa.Super. 20, 393 A.2d 696 (1978).

The fact that the instant informant was here engaged in such activity for the first time does not necessarily negate his veracity. *United States v. Bush,* 647 F.2d 357, 363 (3rd Cir.1981). It is also clear that each of the four criteria need not be met before the issuing authority can conclude the informant was credible or his information reliable. *Commonwealth v. Moyer,* 270 Pa.Super. 393, 398, 411 A.2d 776, 779 (1979); *Ambers, supra,* 225 Pa.Super. at 386, 310 A.2d at 350. An examination of the application makes clear that a consideration of the remaining criteria, however, provide an ample basis for the magistrate to have concluded that the informant was credible or the information reliable. Corroboration was provided by: (1) the controlled purchase; (2) the prior investigation conducted by the Pennsylvania State Police that resulted in two arrests of appellant on drug related charges; (3) the independent police investigation confirming that appellant rented vehicles; and (4) the independent surveillance by the State Police strike force. *See Commonwealth v. Herron,* 243 Pa.Super. 319, 365 A.2d 871 (1976).[1] As for the reputation of appellant, the affidavit, when read as a whole, establishes the basis for the reputation of appellant as an individual engaged in the traffic, possession and sale of narcotics.

We conclude the application and affidavit for a warrant provided the magistrate with a more than adequate basis to determine either that the informant was credible or the information reliable. We emphasize that while we have engaged in an application of the facts of this case to the *Ambers* criteria and have concluded the magistrate had an ample basis to conclude that probable cause existed, we do

1. We note that the informant stated that he had "on numerous occasions purchased cocaine and marijuana from [appellant]." This statement alone, without specificity as to when purchases were made, is insufficient to warrant the conclusion that the informant has provided a declaration of criminal conduct against his penal interest. *See Harris, supra,* 403 U.S. at 583, 584, 91 S.Ct. at 2082. *See also, Moyer, supra,* 270 Pa.Super. at 398, 411 A.2d at 779; *Commonwealth v. Burke,* 235 Pa.Super. 36, 41, 340 A.2d 524, 527 (1975).

not infer that the controlled purchase did not in and of itself constitute a sufficient underlying circumstance to enable the conclusion that the informant was credible or his information reliable. Rather, to the contrary, we opine that the controlled purchase here did in se constitute a sufficient underlying circumstance for such a conclusion by the magistrate.

> The United States Supreme Court in *Aguilar* noted: Thus, when a search is based upon a magistrate's, rather than on a police officer's determination of probable cause, the reviewing courts ... will sustain the judicial determinations as long as 'there was substantial basis for [the magistrate] to conclude that narcotics were probably present.'

*Aguilar v. Texas, supra,* 378 U.S. at 111, 84 S.Ct. at 1512, 12 L.Ed.2d at 726 (quoting *Jones v. United States,* 362 U.S. 257, 270–271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697, 708 (1960)). It is to be remembered that the instant affidavit, found by the magistrate to be sufficient, was also determined to be adequate by the Common Pleas Court Judge who heard, considered and ruled upon the suppression application, as well as by a three member court en banc of the Northampton County Common Pleas Court. We share their conclusion that probable cause was present for the magistrate to issue the warrant.

 We also note that the court en banc properly rejected the contention of appellant that the probable cause affidavit is defective because it fails to discuss factors relative to the credibility of the informant such as his background, reputation and motive in supplying this information. *See Commonwealth v. Gelfont,* 264 Pa.Super. 96, 399 A.2d 414 (1979). As the Northampton County court en banc opined in its reliance upon *Commonwealth v. Herron, supra:* "[h]aving determined that the affidavit contained a sufficient statement of the underlying circumstances for the magistrate to independently conclude that the information was reliable under the factors outlined in *Commonwealth v. Ambers,*

396

*supra,* it is not necessary to consider the additional factors outlined in *Commonwealth v. Gelfont, supra.*"

These conclusions, as well as the analysis and discussion upon which they are based, dispose of the first and second questions presented by appellant. Our careful review of the entire record and study of the briefs of the parties lead to the conclusion that the en banc opinion of the Northampton County Common Pleas Court has in able fashion provided for a proper disposition of the remaining contentions of appellant.

Judgment of sentence affirmed.