473 A.2d 116

**COMMONWEALTH of Pennsylvania**

v.

**Harvey ENSMINGER, Appellant.**

Superior Court of Pennsylvania.

Argued March 10, 1983.

Filed Feb. 10, 1984.

Reargument Denied April 18, 1984.

378

Spero T. Lappas, Harrisburg, for appellant.

William L. Thurston, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before WICKERSHAM, BECK and MONTEMURO, JJ.

WICKERSHAM, Judge:

On August 13, 1980, appellant Harvey Ensminger was arrested and charged with possession of marijuana with intent to deliver. The arrest followed a search of the Ensminger residence conducted pursuant to a duly issued search warrant. Appellant filed pre-trial motions seeking, *inter alia,* suppression of the fruits of the search on the ground that the search warrant was improperly issued. On February 26, 1981, after a hearing, appellant's pre-trial motions were denied. On March 11, 1981, the Honorable John Walter, sitting without a jury, found appellant guilty as charged. Post-trial motions were filed and denied. Ap-

pellant was sentenced on December 1, 1981. This appeal timely followed.

Appellant avers that the search warrant was issued on the basis of an affidavit of probable cause that relied on information supplied by a confidential informant. Said affidavit of probable cause reads, in pertinent part, as follows:

During the month[s] of July and August the affiant conducted a drug investigation in the Northern Lebanon County area. As a result of this investigation names of local drug traffic[k]ers were learned from contacts made on the street while operating in an undercover capacity. The following names were learned as local traffic[k]ers in marihuana, cocaine and pills. Phillip "Lippy" Ensminger and Harvey ENSMINGER, who reside at a gray stone house located along the North side of Route 22 at RD# 3 Jonestown Pa.

During the month[s] of July and August 1980, the affiant was in contact with an informant which he feels reliable. The informant has personal contact with the ENSMINGERS at their residence. The informant has purchased marihuana and cocaine from "Lippy" and Harvey ENSMINGER at their residence during this investigation period.

Investigation by the affiant revealed that "Lippy" and Harvey ENSMINGER do in fact reside at RD# 3 Box 7320 Jonestown, Pa. in a gray stone house located on the North side of old Route 22, Jonestown, Pa.

During the third week in July 1980 the informant revealed that a large drug buy was to be made in the Northern [Lebanon] County area involving Harvey EN-SMINGER, "Lippy" ENSMINGER, Jeff STUPPI, a white male named Tiny and a white male named Squiggy. A large quantity of marihuana and cocaine was involved. The informant further related the ENSMINGERS were to end up with a large quan[t]ity of the drugs at their residence in RD# 3 Jonestown, Pa.

On 11 August 1980 the informant was in personal contact with the affiant during the evening hours. The

informant related he personall[y] was in the basement of the ENSMINGER residence on Saturday August 9th and Sunday August 10th and pers[o]nally observed a large quantity of marihuana being bagged along with a large quantity of cocaine.

On 11 August 1980 the informant in the presence of the affiant personally entered the ENSMINGER residence and delivered a quantity of marihuana to the affiant. The substance was field tested and found to react positively to the field reagent test for marihuana.

The affiant therefore deems the informant reliable and the information received true and correct.

Brief for Appellant at 43, Appendix 3.

At a suppression hearing held on February 26, 1981, the Commonwealth presented the testimony of Trooper Haberstroh who was the affiant to the affidavit of probable cause and who had searched the appellant's residence pursuant to the search warrant. The trooper testified to the circumstances surrounding the informant's entry into the Ensminger residence. Defense counsel lodged a continuing objection to any testimony that went beyond the averments in the affidavit of probable cause.

The suppression court overruled appellant's objection and allowed the trooper to testify that he conducted a pat-down search of the informant prior to the informant's entry into appellant's home (N.T. 2–26–81 at 14) and that he believed the informant did not possess any marijuana prior to entry. (N.T. 2–26–81 at 6) The trooper also testified that upon exiting from appellant's residence, the informant presented him with a marijuana cigarette. (N.T. 2–26–81 at 15) The marijuana cigarette was admitted into evidence at the suppression hearing. (N.T. 2–26–81 at 21).

Appellant's first issue in this appeal concerns the suppression court's admission of evidence beyond the averments in the affidavit of probable cause. Specifically, appellant states the issue as follows:

May a Suppression Court consider evidence beyond that which appears from the four corners of an Affidavit of probable cause to search?

Brief for Appellant at 2. Since, as discussed in more detail below, we find that the affidavit itself, independent of the additional evidence offered in testimony, contained sufficient information to support a finding of probable cause, we need not address this issue.

Appellant's remaining issues [1] question whether the affidavit was sufficient to support a finding of probable cause. Specifically, appellant states the issues as follows:

2. Does the affidavit of probable cause in the instant case comply with the legal requirements concerning the presentation of:

(1) Underlying circumstances supporting the informant's conclusion that the contraband to be seized will be found at the place to be searched; and

(2) The circumstances justifying the affiant's belief in the reliability of the informant?

3. When an Affidavit of probable cause to search relies upon an informant's alleged controlled receipt of marijuana from within the premises to be searched, does the Affidavit have any impact when it does not reflect a pre-entry search of the person of the informant?

Brief for Appellant at 2. Appellant's second issue reflects a distrust of the information supplied by the informant and of the informant himself. We must, therefore, determine

---

1. We need not address appellant's fourth issue which he states as follows:

4. If the Court is justified in considering testimonial evidence of such a pre-entry search, can the search warrant be saved by testimony which reveals a cursory, limited pre-entry body search of the informant, which search, could not reasonably be expected to detect the presence of the marijuana allegedly obtained by the informant within the premises to be searched?

Brief for Appellant at 2. Since we hold that the affidavit itself, independent of the additional testimonial evidence, was sufficient to support a finding of probable cause, we need not discuss the effect of the testimonial evidence.

whether the information supplied by this informant supported a finding of probable cause.

Since the United States Supreme Court's decisions in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), courts have employed a "two-pronged test" to determine whether an informer's tip can form the basis of probable cause. First, an officer requesting a warrant has to adequately reveal the circumstances or means by which he came by the information given in the affidavit. Second, the affidavit has to establish that the officer had a reasonable basis for concluding that the informer was reliable.

In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court replaced this "two-pronged test" with a "totality of the circumstances" approach. The facts of the *Gates* case were well summarized by this court in *Commonwealth v. Sorrell*, 319 Pa.Super. 103, 465 A.2d 1250 (1983):

> [A]n anonymous informant had sent a letter to the Bloomingdale, Illinois Police Department in which he accused Lance and Susan Gates of dealing illegally in narcotics. The letter described in detail a trip that the Gates would take to procure drugs. The letter predicted that: the Gates would travel to Florida separately on specified dates; that Mrs. Gates would drive and Mr. Gates would fly; that Mr. Gates would drive the car back to Illinois; and that the trunk would be loaded with narcotics. The police investigated the tip and corroborated all the allegations, except the presence of narcotics in the trunk.
>
> The police then sought a search warrant for the Gates' residence and their automobile. The state court judge to whom application was made found that probable cause had been established. However, the Illinois appellate courts reversed saying that the affidavit submitted in support of the search warrant application failed to establish probable cause. The Illinois Supreme Court found that the anonymous letter alone would not provide a basis

on the finding that probable cause existed, since it did not meet the *Aguilar-Spinelli* "two pronged test."

While the United States Supreme Court indicated that it was inclined to agree that the letter alone was not a sufficient basis for a finding of probable cause, the court found that the corroboration of the informant's allegations by the police provided the police with reason to act on the informer's tip.

*Id.*, 319 Pa.Superior Ct. at 109, 465 A.2d at 1253. In doing so, the Supreme Court held that the two-pronged test was not required and that the police need show only that the "totality of the circumstances" supported a finding of probable cause to search.

The *Gates* decision indicated that the "totality of the circumstances" standard is flexible and not hypertechnical.

The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.

*Illinois v. Gates, supra,* 462 U.S. at ——, 103 S.Ct. at 2332, 76 L.Ed.2d at 548.

 Guided by the *Gates* decision, we turn our attention to the instant case. The affidavit of probable cause reveals that the affiant state police trooper had been conducting a drug investigation in appellant's neighborhood for over a month. Through this investigation, the trooper learned that appellant was a local drug trafficker. The trooper also came in contact with an informant who told him that a large drug buy involving appellant was soon to take place. The informant volunteered names of other persons who would be involved in the transaction. On

August 11, 1980, the informant indicated to the affiant state trooper that, while in the basement of appellant's home, he had personally observed large quantities of marijuana and cocaine being bagged. That evening, while the trooper watched, the informant entered appellant's residence and returned with a marijuana cigarette. Thereafter, the state trooper requested a search warrant.

We note also that in the affidavit of probable cause the trooper expressed his personal belief in the informant's reliability.[2] This belief was bolstered when various facts supplied by the informant were verified through independent investigation. More importantly, the affidavit of probable cause indicates that the informant admitted that he had purchased marijuana and cocaine from the appellant. These statements were against the informant's penal interest and thus reinforced the trooper's belief in the informant's reliability.

We find that on the basis of the facts set forth in this affidavit, the magistrate could reasonably have believed that contraband would be found in appellant's residence. Although a more detailed affidavit of probable cause would have been preferable, we recognize that affidavits supporting search warrants normally are prepared "by nonlawyers in the midst and haste of a criminal investigation." *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684, 689 (1965). Therefore, they should be interpreted in a "common sense and realistic" fashion rather than in a hypertechnical manner. *Ventresca, supra* at 108, 85 S.Ct. at 745, 13 L.Ed.2d at 689.

**2.** We recognize that the affiant's personal belief in the informant's reliability is insufficient, in and of itself, to "provide a *factual* basis for crediting the report of [the] ... informant." *United States v. Harris*, 403 U.S. 573, 579, 91 S.Ct. 2075, 2080, 29 L.Ed.2d 723, 731 (1971). *Also see, Commonwealth v. Tatum*, 258 Pa.Super. 529, 531–32, 393 A.2d 485, 486 (1978). Nevertheless, as discussed in the body of the opinion, we believe that the affidavit contains other factors that support the reliability of the informant. All of the factors, taken as a whole, indicate that the magistrate properly decided that the affidavit supported a finding of probable cause.

The officer did not rely solely on the informant's tip in requesting the search warrant. He indicated that he had been conducting an independent investigation in the area for over a month. Also, the officer attempted to confirm the informant's tip by watching the informant enter appellant's residence to buy drugs and return with a marijuana cigarette. It should also be noted that the informant supplied the names of those who would be involved in the large drug buy and also stated that he had personally observed drugs in the appellant's apartment.[3]

Thus, we conclude that the totality of the circumstances as indicated in the affidavit supported a finding of probable cause.

■ Appellant also contends that the affiant trooper's failure to state in the affidavit that he conducted a search of the informant before the informant entered appellant's residence, results in a failure of the affidavit to support a finding of probable cause. We disagree. Again we must look at the "totality of the circumstances." The trooper had knowledge of appellant's drug involvement through his own investigation; the informant had related personal observations of drugs in the appellant's home; and the trooper had expressed a belief in the reliability of the informant. It was unnecessary for the trooper to state in the affidavit whether he conducted a search of the informant prior to his entry into appellant's residence. The factors mentioned above, together with the other circumstances set forth in the affidavit, assure us that the magistrate had a "substantial basis for concluding that probable cause existed." *Gates, supra,* 462 U.S. at ——, 103 S.Ct. at 2332, 76 L.Ed.2d at 548.

Judgment of sentence affirmed.

**3.** Conversely, even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case. *Illinois v. Gates,* 462 U.S. 213, ——, 103 S.Ct. 2317, 2329, 76 L.Ed.2d 527, 545 (1983).